

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00039-CV

_____

### IN RE: THE COMMITMENT OF ANTHONY BERNARD WILEY

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 186,685-C; Honorable Charles Barnard, Presiding

December 7, 2021

## ORDER ON SECOND MOTION FOR EN BANC RECONSIDERATION

### Before QUINN, C.J., and PIRTLE and PARKER and DOSS, JJ.

On August 11, 2021, this court affirmed a jury finding that Appellant, Anthony Bernard Wiley, is a sexually violent predator.[1]  Wiley's motion for rehearing was denied on August 31, 2021, and his *Motion for En Banc Reconsideration or to Recuse* was denied on November 4, 2021.  Pending before this court is *Appellant's Second Motion for En*

---

[1] *See In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 6609, at *12 (Tex. App.—Amarillo Aug. 11, 2021, no pet. h.) (mem. op.).

*Banc Reconsideration or to Recuse* filed by Wiley.[2]  The issue of recusal was heretofore certified to the four justices of this court and pursuant to Rule 16.3 of the Texas Rules of Appellate Procedure, the request was denied.  The court now considers the portion of Wiley's second motion by which he requests en banc reconsideration of our prior opinion.  The request is denied with these additional comments.

Wiley contends this court incorrectly determined that he is a repeat sexually violent offender under the Civil Commitment of Sexually Violent Predator's Act.[3]  Without presenting any new arguments, he again maintains the evidence is insufficient to show that he has "more than one sexually violent offense" because he maintains that his burglary conviction is not a sexually violent offense.

The Act defines a "sexually violent offense" as an offense under section 21.02 (continuous sexual abuse of a child), section 21.11(a)(1) (indecency with a child younger than seventeen), section 22.011 (sexual assault), or section 22.021 (aggravated sexual assault) of the Penal Code.  *See* TEX. HEALTH & SAFETY CODE ANN. § 841.002(8)(A).  The Act also defines a sexually violent offense as an offense under section 30.02 (burglary) of the Penal Code "if the offense is punishable under Subsection (d) of that section and the person committed the offense with the intent to commit" an offense listed in paragraph (A) or (B).[4]  *See id.* at § 841.002(8)(C).  Wiley disputes that his 1995 burglary conviction qualifies as a sexually violent offense.  For the third time, we disagree.

---

[2] As Wiley has acknowledged, Rule 41.2(c) of the Texas Rules of Appellate Procedure provides that en banc consideration is not favored.  TEX. R. APP. P. 41.2(c).

[3] TEX. HEALTH & SAFETY CODE ANN. §§ 841.001-151 (West 2017 & Supp. 2021).

[4] Paragraph (B) referencing section 20.04 of the Penal Code relates to aggravated kidnapping.

2

Pursuant to Wiley's July 1995 conviction, without the effective consent of the owner, Wiley entered a habitation, and committed or attempted to commit aggravated sexual assault. The record speaks for itself, and that offense—the offense of burglary, punishable under subsection (d) of section 30.02 of the Texas Penal Code is, by definition, a sexually violent offense. It is simply not any more complicated than that.

Wiley's *Second Motion for En Banc Reconsideration* is denied.

Per Curiam